THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARLENE K. MARSH, Appellant. [954 NYS2d 474]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered January 19, 2010, convicting her of reckless assault of a child and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was tried on charges of reckless assault of a child (*see* Penal Law § 120.02) and endangering the welfare of a child (*see* Penal Law § 260.10). The defendant testified on her own behalf and admitted that, while babysitting for the then-15-month-old child of a friend, she picked the child up by the lower arms, below the elbows, and threw him into a crib, causing him to strike his head. The child sustained severe injuries, including traumatic injury to his brain resulting in brain damage. The jury found the defendant guilty of reckless assault of a child and endangering the welfare of a child.

The defendant's contention that the evidence was legally insufficient to support her conviction of reckless assault of a child is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]), and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the

defendant's guilt of reckless assault of a child beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that she was deprived of a fair trial by the County Court's erroneous instruction with respect to the count of reckless assault of a child in response to a jury note is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Clark*, 298 AD2d 461 [2002]), and we decline to reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [16]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.