People v Casablanca (2020 NY Slip Op 00610)





People v Casablanca


2020 NY Slip Op 00610


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-06569
 (Ind. No. 15-00058)

[*1]The People of the State of New York, respondent,
v
Joseph Casablanca, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (William A. Kelly, J.), rendered April 26, 2016, convicting him of burglary in the second degree, arson in the third degree, criminal mischief in the fourth degree (two counts), and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree and arson in the third degree beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the trial court's supplemental instructions with respect to burglary in the second degree were erroneous is unpreserved for appellate review (see CPL 470.05[2]; People v Marsh, 100 AD3d 1020, 1021), and we decline to reach the contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court